**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MY CHOICE SOFTWARE, LLC, a California limited liability company; NATHAN DAVID MUMME, an individual,<br><br>       Plaintiffs-Appellants,<br><br> v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation,<br><br>       Defendant-Appellee. | No. 19-56030<br><br>D.C. No.<br>8:19-cv-00680-AG-KES<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted August 10, 2020
Pasadena, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,[**] District Judge.

MyChoice Software, LLC and its CEO, Nathan David Mumme (collectively "MyChoice") appeal the district court's order granting summary judgment in favor of Travelers Casualty Insurance Company of America ("Travelers"), denying MyChoice's motion for partial summary judgment, and holding that Travelers had no duty to defend MyChoice against the allegations in the cross-complaint filed by Trusted Tech Team, Inc. ("Trusted Tech") based on the language of the IP exclusion contained within the insurance policy that Travelers issued to MyChoice. We reverse the district court's grant of summary judgment in favor of Travelers and remand for further proceedings consistent with this memorandum.

The relevant provision of the IP exclusion stated that coverage under the policy does not apply to "'Personal injury' or 'advertising injury' arising out of any actual or alleged infringement or violation of any of the following rights or laws, or any other 'personal injury' or 'advertising injury' alleged in any claim or 'suit' that also alleges any such infringement or violation." The cases relied upon by the district court, and those cited by Travelers in this appeal, do not address the question of whether the language of the IP exclusion unambiguously bars coverage

---

[**] The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

for IP-related allegations brought solely by the insured itself, as opposed to allegations asserted against the insured. The district court stated that "My Choice's First Amended Complaint against Trusted Tech asserted a trade secrets claim, which falls squarely within the IP Exception," and that "Trusted Tech's counterclaims are thus in a 'claim or "suit" that also alleges' IP claims."

The district court erred in concluding that the IP exclusion unambiguously barred coverage solely based on the allegations that MyChoice, as the insured under the policy, asserted against Trusted Tech. An exclusionary clause must be "stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1204 (2004). While a lawyer might interpret the term "suit" to pertain to the entirety of claims contained within a proceeding, irrespective of the party asserting such claims, that is not necessarily the understanding of the term from the perspective of a layperson. Moreover, "exclusionary language must be construed in the context of the policy as a whole," *S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co.*, 186 Cal. App. 4th 383, 397 (2010), and the purpose of liability insurance is to provide protection from claims brought against the insured. It is therefore reasonable for an insured under the policy to interpret the exclusionary provision as applying only to allegations asserted against it in the absence of explicit

3

language stating otherwise. As an example, the relevant exclusionary clause in *Spandex House, Inc. v. Hartford Fire Insurance Company*, 407 F. Supp. 3d 242 (S.D.N.Y. 2019), contained additional language that explicitly contemplated the scenario raised in this appeal. *See id.* at 247 ("Any injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property right, *whether such allegation of infringement or violation is made by you or by any other party involved in the claim or 'suit' . . .*") (emphasis added). As the exclusionary clause in that case demonstrates, Travelers could have added additional language that would have clearly and unambiguously applied to allegations brought solely by the insured, but it failed to do so. In the face of this omission, we apply the California contract law principle that "ambiguities are generally construed against the party who caused the uncertainty to exist (i.e., the insurer) in order to protect the insured's reasonable expectation of coverage." *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 9 Cal. 4th 27, 37 (1994).

Nor are we persuaded by the district court's alternative holding that Trusted Tech's allegations against MyChoice arose out of actual or alleged infringements or violations of IP rights and that the first part of the IP exclusion therefore provided an independent basis to bar coverage for the Trusted Tech action. Applying the "arising out of" exclusionary language to the allegations asserted in

4

the Trusted Tech cross-complaint runs counter to the principle that "insurance coverage is interpreted broadly so as to afford the greatest possible protection to the insured, [whereas] . . . exclusionary clauses are interpreted narrowly against the insurer." *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003) (quotations omitted); *see also Tower Ins. Co. of N.Y. v. Capurro Enters. Inc.*, No. C 11-03806, 2012 WL 1109998, at *9-10 (N.D. Cal. Apr. 2, 2012) (rejecting argument that "arising out of" is always construed broadly, even in exclusionary clauses, and noting that the "broad coverage-narrow exclusion principle is well illustrated with respect to the phrase 'arising out of.'"). Travelers' reliance on *Southgate Recreation & Park District v. California Association for Park & Recreation Insurance.*, 106 Cal. App. 4th 293 (2003), is misplaced. In that case, the subcontractors' claims against the insured were based on negligent or improper administration of a construction contract, and therefore "fit comfortably within the construction contract exclusion." *Id.* at 302. But the allegations in the Trusted Tech complaint do not unambiguously, plainly and clearly fall within the "arising out of" language of the IP exclusion. *See Haynes*, 32 Cal. 4th at 1204.

**REVERSED AND REMANDED.**